## GABRIEL v. McCABE et al.

### (Circuit Court, N. D. Illinois. June 8, 1896.)

COPYRIGHT—LICENSE—USE OF SONG IN COMPILED BOOK—CHANGES.

Complainant licensed defendants to publish a song, of which he held the copyright, in a book of songs, entitled "Finest of the Wheat No. 2." Defendants issued the book, and subsequently issued a combined edition of it and another collection, entitled "Finest of the Wheat No. 1," in which the two books, without change of contents, were bound under one cover. They also issued an abridged edition, in which about 100 songs from "Finest of the Wheat No. 2." including complainant's, were printed without change, this edition being used chiefly as an advertisement of the larger.

Complainant brought suit to enjoin the publication of his song in the combined and abridged editions. *Held* that, by licensing the use of his song in a general compilation, complainant, having made no explicit declaration to the contrary, consented that future editions might be issued containing his song, and might be characterized by omissions or additions of other matter, within fair limits, which had not been exceeded in this case.

This was a bill by Charles H. Gabriel against R. R. McCabe and George D. Elderkin to restrain the infringement of his copyright.

In January, 1894, George D. Elderkin, who was then acting as one of the editors of a book of songs about to be published by the defendant R. R. McCabe, obtained from Charles H. Gabriel, the holder of a copyright on a song entitled "When the Roll is Called up Yonder," the following writing:

"Chicago, January 1, 1894.

"It is hereby agreed that George D. Elderkin has right to use my copyright piece 'When the Roll is Called up Yonder' in the book to be entitled 'Finest of the Wheat No. 2.'

"[Signed]                                    Charles H. Gabriel."

Pursuant to this license, the defendant McCabe, acting with the said Elderkin, published the song "When the Roll is Called up Yonder" in the song collection entitled "Finest of the Wheat No. 2." Subsequently the defendants published a "combined edition" in which "Finest of the Wheat No. 2," without alteration, was bound under one cover with another volume, entitled "Finest of the Wheat No. 1." Defendants also published an "abridged" edition, consisting of about 100 songs from the book "Finest of the Wheat No. 2," including the song "When the Roll is Called up Yonder." This abridged edition was printed from the same plates as the complete edition, and was used to advertise the complete edition; purchasers of the abridged edition having the option of purchasing the complete edition within one year, and of having the purchase price paid for the abridged edition deducted from the price of the complete edition.

Gabriel filed his bill of complaint, alleging infringement of his copyright by a publication of the song "When the Roll is Called up Yonder" in the combined and abridged editions of "Finest of the Wheat No. 2."

*N. A. Partridge* and *C. S. Williston,* for complainant.

*J. H. Raymond,* for defendants.

GROSSCUP, District Judge.    This is a bill for injunction to restrain infringement of a copyright.    The complainant claims a copyright upon a religious song entitled "When the Roll is Called up Yonder."    It is admitted that on January 1, 1894, complainant licensed George D. Elderkin to use this copyright in a book to be entitled "Finest of the Wheat No. 2."    Defendants, among other defenses, claim right under this license.    The proof shows that the defendants have issued abridged copies of the "Finest of the Wheat No. 2," in which the copyrighted song was included, and also a book comprising the whole of "Finest of the Wheat No. 2," and another book of religious songs, known as "Finest of the Wheat No. 1."    In neither the abridgment nor the enlarged work is there any change in the print of the music or the words of the copyrighted song, nor is there any change in the music and words of the other songs, except that, in the abridgment, certain songs are omitted.    It is not contended that either the abridgment or the enlarged book is in its general character different from that of "Finest of the Wheat No. 2."

The question presented is whether the use of the copyrighted song in this abridgment and in the enlarged book is a fair use under the license.    I have been furnished with no adjudications pertinent to

this question. It seems to me that the author of an article who has licensed its use in some general book containing articles of a like character, such, for instance, as an encyclopædia, fairly and reasonably intends, in the absence of some explicit declaration to the contrary, that future editions of the book containing the article may be issued, and also that such future editions may be characterized by omissions or additions of other articles, or changes in the other articles, within fair limits, if such changes be not inconsistent with the general tenor of the original book. To hold otherwise would practically forbid any new editions of books of compilation, for the consent of all the authors contributing could not, in many instances, be obtained. A license to publish a song in a book of songs would not fairly permit of its publication alone as sheet music, even though bearing the title of the book of songs. Such a use would, in its effect upon the receipts of the author and profits of the publisher, be a decisive departure from the apparent intention of the parties. While it is true that, by a process of emendation, the book known as "Finest of the Wheat No. 2" might, in the end, come to be a publication of the complainant's song alone, the actual facts of this case are otherwise. It may be difficult to draw the line where the rights of the publisher end, but, until his conduct offends one's sense of fair play and a reasonable interpretation of the parties' intentions, the line has not been reached.

I am of the opinion that the publication known as the "abridgment" and the enlarged book, called to my attention, are not outside of the reasonable intendment of the parties. The abridgment does not approach the point of publication of the song as a single sheet of music,—the smallest one brought to my attention having upwards of 100 songs,—but is evidently intended as an exhibit of samples of the original book. For these reasons the bill will be dismissed.